# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**FILED**

**May 1, 2023**

EDYTHE NASH GAISER, CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**WILLIAM WAGNER,**
**Claimant Below, Petitioner**

**vs.) No. 22-ICA-307**        (JCN: 2020025663)

**STARVAGGI INDUSTRIES, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner William Wagner appeals the November 18, 2022, order of the Workers' Compensation Board of Review ("Board"). Respondent Starvaggi Industries, Inc. ("Starvaggi") filed a timely response.[1] Mr. Wagner did not file a reply. The issue on appeal is whether the Board erred in affirming the Workers' Compensation Office of Judges' ("OOJ") June 29, 2022, order, which affirmed the claim administrator's denial of the request to add back pain, right foot drop, left foot drop, and lumbar radiculopathy as compensable components of the claim.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the Board's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Wagner suffered an injury to his right arm on June 11, 2020, while employed by Starvaggi. Mr. Wagner reported that he was shoveling concrete when his foot got caught in wire mesh and he fell, landing on his right arm. Mr. Wagner was seen at the Weirton Center Emergency Department the next day, June 12, 2020, and he was diagnosed with an unspecified fracture of the upper end of his right radius.

Prior to his 2020 injury, Mr. Wagner had been seen in 2015 for a work injury that caused leg pain. Mr. Wagner had also previously been seen by Aaron P. Orlosky, D.O., on January 10, 2017, for lower back and right hip pain and on January 5, 2018, for a separate work injury where he had fallen on his right hip. Mr. Wagner was seen on June 29, 2020, by Dr. Orlosky. Mr. Wagner reported that his back pain radiating down his right leg began

---

[1] Mr. Wagner is represented by James T. Carey, Esq. Starvaggi is represented H. Dill Battle, III, Esq. and Charity K. Lawrence, Esq.

two days after the workplace injury. Dr. Orlosky opined that the back pain was not related to the workplace injury. Dr. Orlosky diagnosed Mr. Wagner with back pain, right foot drop, left foot drop, lumbar degenerative disc disease, and lumbar radiculopathy.

On June 29, 2020, the claim administrator issued an order holding the claim compensable for a nondisplaced right radial head fracture.

Mr. Wagner followed up with Dr. Orlosky on August 19, 2020. Mr. Wagner reported burning pain in his back and balance issues. Mr. Wagner underwent a lumbar X-ray and MRI, which revealed disc bulges without stenosis at the L1-L3 and L5-S1 vertebrae and disc bulges with stenosis at the L3-L4 and L4-L5 vertebrae. It was noted that Mr. Wagner's degenerative disc disease had worsened compared to a 2017 MRI.

On September 2, 2020, Mr. Wagner was seen by Mark A. Frye, M.D. Dr. Frye opined that the workplace injury had aggravated Mr. Wagner's preexisting lumbar stenosis causing weakness in both lower extremities. Dr. Frye recommended that Mr. Wagner have L3-L5 laminectomy surgery. Dr. Frye opined that the work injury caused Mr. Wagner's need for surgery.

Mr. Wagner was seen by Damian Rispoli, M.D., several times between June 17, 2020, and September 16, 2020. Dr. Rispoli diagnosed Mr. Wagner with trauma to the right upper extremity, nondisplaced radial head fracture, and decreased sensation in the C6 and C7 vertebrae. Dr. Rispoli noted radiographic evidence of degenerative issues in Mr. Wagner's wrist, shoulder, cervical spine, and elbow. Dr. Rispoli noted that Mr. Wagner had returned to work with no restrictions by September 16, 2020.

On January 5, 2021, Mr. Wagner submitted a Diagnosis Update form completed by Dr. Orlosky,[2] which requested the addition of back pain, right foot drop, left foot drop, and lumbar radiculopathy as compensable components of the claim.

Rebecca Thaxton, M.D., reviewed Mr. Wagner's records and drafted a report dated January 28, 2021. Dr. Thaxton opined that the medical evidence did not support adding the diagnoses of back pain, right foot drop, left foot drop, and lumbar radiculopathy as compensable components of the claim. Dr. Thaxton noted Mr. Wagner's complaints of back and leg pain prior to the injury and the degenerative changes noted on a 2017 MRI.

---

[2] We note that Dr. Orlosky previously opined that Mr. Wagner's back pain was not associated with the compensable injury in this claim, and he is now requesting the addition of back pain and lumbar radiculopathy as compensable conditions of this claim with no explanation of these contradictory findings.

2

On March 31, 2021, the claim administrator issued an order denying the addition of back pain, right foot drop, left foot drop, and lumbar radiculopathy as compensable components of the claim. Mr. Wagner protested this order.

On June 29, 2022, the OOJ issued an order affirming the claim administrator's denial of the addition of back pain, right foot drop, left foot drop, and lumbar radiculopathy as compensable components of the claim. The OOJ found that Mr. Wagner had not established that the diagnoses of back pain, right and left foot drop, and lumbar radiculopathy were received in the course of and resulting from the compensable injury. The Board issued an order dated November 18, 2022, which affirmed the OOJ's order. Mr. Wagner now appeals the Board's order.

Our standard of review is set forth in West Virginia Code § 23-5-12a(b) (2022), in part, as follows:

> The Intermediate Court of Appeals may affirm the order or decision of the Workers' Compensation Board of Review or remand the case for further proceedings. It shall reverse, vacate, or modify the order or decision of the Workers' Compensation Board of Review, if the substantial rights of the petitioner or petitioners have been prejudiced because the Board of Review's findings are:
> (1) In violation of statutory provisions;
> (2) In excess of the statutory authority or jurisdiction of the Board of Review;
> (3) Made upon unlawful procedures;
> (4) Affected by other error of law;
> (5) Clearly wrong in view of the reliable, probative, and substantial evidence on the whole record; or
> (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

*Duff v. Kanawha Cnty. Comm'n*, 247 W. Va. 550, __, 882 S.E.2d 916, 921 (Ct. App. 2022).

On appeal, Mr. Wagner argues that his medical records show that his back pain, left and right foot drop, and lumbar radiculopathy are related to the compensable injury. Mr. Wagner further argues that despite his prior back problems, he had not suffered any symptoms for some time prior to the compensable injury.

The OOJ found that Mr. Wagner suffered from preexisting lumbar symptoms, numbness, and difficulty walking. The OOJ further found that Mr. Wagner had not identified a back injury on his Report of Injury form dated July 14, 2020. Based on Mr. Wagner's medical records, the OOJ determined that he would have required lumbar surgery even if he had not suffered the compensable injury in this claim.

In order for a claim to be held compensable under the Workmen's Compensation Act, three elements must coexist: (1) a personal injury (2) received in the course of employment, and (3) resulting from that employment. Syl. Pt. 1, *Barnett v. State Workmen's Comp. Comm'r*, 153 W.Va. 796, 172 S.E.2d 698 (1970).

After review, we conclude that the OOJ, as affirmed by the Board, did not err in finding that Mr. Wagner has not established that the diagnoses of back pain, bilateral foot drop, and lumbar radiculopathy were received in the course of and resulting from the compensable injury in this claim.

Finding no error in the Board's November 18, 2022, order, we affirm.

Affirmed.

**ISSUED:** May 1, 2023

**CONCURRED IN BY:**

Chief Judge Daniel W. Greear
Judge Thomas E. Scarr
Judge Charles O. Lorensen

4